UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                     ORDER
  v.                   14-cr-79

JEFFREY COLEMAN,

    Defendant.

_____

    The Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all pretrial matters, including those that a magistrate judge may hear and determine, pursuant to 28 U.S.C. § 636(b)(1)(A), and those that a magistrate judge may hear and thereafter file a report and recommendation, pursuant to § 636(b)(1)(B).  *See* Text Order of Referral dated May 1, 2014.  This case has since been transferred from Judge Arcara to the undersigned.

    Defendant Jeffrey Coleman ("defendant") is charged, along with four other individuals, with conspiracy to possess with intent to distribute, and to distribute, heroin; maintaining a drug premises; and possession of 100 grams or more of heroin with intent to distribute.  *See* Docket Item 16.

    On September 22, 2014, the defendant moved for, among other things, an order suppressing statements attributed to him as well as evidence seized after a search of his luggage.  *See* Docket Item 26; *see also* Docket Item 33.  The government filed a response to the motion.  *See* Docket Item 31.  On May 26, 2015, Magistrate Judge Schroeder held a suppression hearing and heard testimony from three government witnesses:  DEA Task Force Agent Cory Higgins, DEA Special Agent Jonathon Sullivan,

and DEA Task Force Agent Glenn Zawierucha. *See* Docket Item 63. The defendant did not offer any evidence at the hearing. *See id.* After the parties filed post-hearing memoranda, *see* Docket Items 63 & 64, Magistrate Judge Schroeder issued a Report, Recommendation and Order, dated November 9, 2015, that recommended denying the defendant's motion to suppress. *See* Docket Item 66.

The parties did not file any objections to the Report, Recommendation and Order, and the time to do so has expired.

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The district court is required to conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). But the statute does not require the district court to review the recommendation of a magistrate judge to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Moreover, the failure to make a timely objection to a report and recommendation "waives a party's right to review." Fed. R. Crim. P. 59(b)(2); *see also United States v. Ballares*, 317 F. App'x 36, 37-38 (2d Cir. 2008) (district court was entitled to rely on Fed. R. Civ. P. 59, which "explicitly extend[ed] the waiver rule to criminal cases").

Nevertheless, "the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed." Advisory Committee Notes to Fed. R. Crim. P. 59 (2005 Adoption). Accordingly, this Court has carefully reviewed Magistrate Judge Schroeder's Report, Recommendation and Order as well as the submissions by the parties to Magistrate Judge Schroeder.

Based on that review and in the absence of any timely objections, this Court accepts and adopts the magistrate judge's recommendation in its entirety. For the reasons stated in the Report, Recommendation and Order (Docket Item 66), the defendant's motion to suppress the use of evidence seized from him and statements attributed to him is, in all respects, denied.

    IT IS SO ORDERED.

    Dated: December 22, 2015
           Buffalo, New York

                                        *s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE