**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

               **Plaintiff,**

                                          **14-CR-79V**

      **-v-**

**JEFFREY COLEMAN,**

               **Defendant.**
_____

## REPORT, RECOMMENDATION AND ORDER

       This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

## PRELIMINARY STATEMENT

       The defendant, Jeffrey Coleman ("the defendant"), is charged in an indictment, along with co-defendant Steven Martinez ("the co-defendant") and others with having violated Title 21 U.S.C. §§ 841(a)(1), 846 and 856(a)(1).  Dkt. #16.  He has filed a motion wherein he seeks dismissal of Counts 2 and 3 of the indictment claiming that "there was insufficient evidence to support those charges."  Dkt. #26, p. 5.

## DISCUSSION AND ANALYSIS

The defendant has offered nothing of substance to support his motion to dismiss Counts 2 and 3 of the indictment.  As to Count 2, he merely speculates "that there was nothing of an evidentiary nature to support the proposition that [he] had any knowledge or intent involving the maintenance or use of the premises charged" and that "there is no evidence whatsoever connecting him to that location."  Dkt. #26, p. 5.  With respect to Count 3, he claims that "there was no evidence presented to the grand jury to support the charges" that he "unlawfully possessed, with intent to distribute 100 grams or more of heroin."  Dkt. #26, p. 5.

The Court of Appeals for the Second Circuit has held that on a motion to dismiss, the court may assume the truth of the facts described in the indictment.  *United States v. Mango*, 199 F. 3d 85, 89 (2d Cir. 1999).  The United States Supreme Court has expressly stated that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence."  *United States v. Calandra*, 414 U.S. 338, 345 (1974) and that "an indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits."  *Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, it is hereby recommended that the defendant's motion to dismiss Counts 2 and 3 of the indictment be denied in all respects.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**<u>Recommendation and Order), may result in the District Judge's refusal to</u>**

**<u>consider the objection.</u>**


DATED:      December 29, 2015
            Buffalo, New York




                                      *<u>S/ H. Kenneth Schroeder, Jr.</u>*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**