UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                  ORDER
   v.                 14-CR-79

JEFFREY COLEMAN,

     Defendant.

---

   The Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all pretrial matters, including those that a magistrate judge may hear and determine, pursuant to 28 U.S.C. § 636(b)(1)(A), and those that a magistrate judge may hear and thereafter file a report and recommendation, pursuant to § 636(b)(1)(B).  *See* Text Order of Referral dated May 1, 2014.  This case has since been transferred from Judge Arcara to the undersigned.

   Defendant Jeffrey Coleman ("defendant") is charged, along with four other individuals, with conspiracy to possess with intent to distribute, and to distribute, heroin; maintaining a drug premises; and possession of 100 grams or more of heroin with intent to distribute.  *See* Docket Item 16.

   On September 22, 2014, the defendant moved to dismiss Counts 2 and 3 of the Indictment, arguing that "there was insufficient evidence to support those charges."  *See* Docket Item 26 at 2, 5; *see also* Docket Item 33.  On December 29, 2015, Magistrate Judge Schroeder issued a Report, Recommendation and Order that recommended denying the defendant's motion to dismiss.  *See* Docket Item 72.  The parties did not file

any objections to the Report, Recommendation and Order, and the time to do so has expired.

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  The district court is required to conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  But the statute does not require the district court to review the recommendation of a magistrate judge to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  Moreover, the failure to make a timely objection to a report and recommendation "waives a party's right to review."  Fed. R. Crim. P. 59(b)(2); *see also United States v. Ballares*, 317 F. App'x 36, 37-38 (2d Cir. 2008) (district court was entitled to rely on Fed. R. Civ. P. 59, which "explicitly extend[ed] the waiver rule to criminal cases").

Nevertheless, "the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed." Advisory Committee Notes to Fed. R. Crim. P. 59 (2005 Adoption).  Accordingly, this Court has carefully reviewed Magistrate Judge Schroeder's Report, Recommendation and Order as well as the parties' submissions.

Based on that review and the absence of any timely objections, this Court accepts and adopts the magistrate judge's recommendation in its entirety.  As stated in Magistrate Judge Schroeder's Report, Recommendation and Order, the defendant offered nothing of substance to support his motion to dismiss Counts 2 and 3 of the indictment.  *See* Docket Item 72 at 2.  Therefore, for the reasons stated in the Report,

Recommendation and Order (Docket Item 72), the defendant's motion to dismiss Counts 2 and 3 is, in all respects, denied.

IT IS SO ORDERED.

Dated: January 19, 2016
       Buffalo, New York

                                            *s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE